IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JONATHAN JASON RODRIGUEZ,

        Plaintiff,

    v.

BRIGITTE AMSBERRY; WARD KING;
D. PEDRO; LIEUTENANT JASON DUCHEK;
SCHOTTS; HILLMICK; FRANK SERRANO;
KAMMERZELL; EDDY; POPE; HAZEN;
S. BROWN; E. ANDERSON; HEATHER NEVIL;
T. HART; TURNER; J. CUNA; BRADY; and
N. SOBOTTA,

        Defendants.

Case No. 2:19-cv-00441-AC

ORDER TO DISMISS

IMMERGUT, J.

       Plaintiff, an adult in custody at the Snake River Correctional Institution ("SRCI"), brings this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to an Order previously entered in this case, the Court granted Plaintiff's Application to Proceed *In Forma Pauperis*. However, for the reasons set forth below, the Court dismisses Plaintiff's Complaint.

1 - ORDER TO DISMISS

## BACKGROUND

Plaintiff's Complaint is a 57-page, 200+ paragraph narrative of events which occurred over the course of several months of plaintiff's incarceration at SRCI during 2018. Plaintiff names 19 individual defendants. His narrative statement covers incidents involving the use of force against plaintiff, disciplinary proceedings against him, verbal harassment from various defendants, apparent denial of medical care, retaliation, and denial of the right to petition the government for redress of grievances. By way of relief, plaintiff seeks money damages, as well as expungement of the various disciplinary proceedings described in the Complaint.

## STANDARDS

A district court must dismiss an action initiated by a prisoner seeking redress from a governmental entity or officer or employee, if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2) & 1915A(b). When a plaintiff is proceeding *pro se*, the court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Moreover, before dismissing a *pro se* civil rights complaint for failure to state a claim, the court supplies the plaintiff with a statement of the complaint's deficiencies. *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623-24 (9th Cir. 1988); *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987). A *pro se* litigant will be given leave to amend his or her complaint unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *Karim-Panahi*, 839 F.2d at 623; *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

2 - ORDER TO DISMISS

## **DISCUSSION**

Pursuant to Rule 3 of the Federal Rules of Civil Procedure, "[a] civil action is commenced by filing a complaint with the court."   Pursuant to Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  "Each allegation must be simple, concise and direct." Fed. R. Civ. P. 8(d)(1).  If the factual elements of a cause of action are scattered throughout the complaint but are not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8(a) is proper.  *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988); *see also Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981) (district court may dismiss an action with prejudice due to a litigant's failure to comply with Rule 8(a) if meaningful, less drastic sanctions have been explored); *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (complaints that are "argumentative, prolix, replete with redundancy, and largely irrelevant" and that "consist[] largely of immaterial background information" are subject to dismissal under Rule 8);  *Cafasso, United States ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (citing cases upholding Rule 8 dismissals where pleadings were "verbose," "confusing," "distracting, ambiguous, and unintelligible," "highly repetitious," and comprised of "incomprehensible rambling").  Plaintiff's Complaint does not satisfy the pleading requirements of Rule 3 or Rule 8.

Moreover, a basic lawsuit is a single claim against a single defendant.  Federal Rule of Civil Procedure 18(a) allows a plaintiff to add multiple claims to the lawsuit when they are against the same defendant.  Federal Rule of Civil Procedure 20(a)(2) allows a plaintiff to join multiple defendants to a lawsuit where the right to relief arises out of the same "transaction, occurrence, or series of transactions" and "any question of law or fact common to all defendants will arise in the

action." Fed. R. Civ. P. 20(a)(2). In contrast, unrelated claims against different defendants must be brought in separate lawsuits to avoid confusion and prevent "the sort of morass [a multiple claim, multiple defendant] suit produce[s]." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (noting that unrelated claims against different defendants should be brought in different lawsuits, in part to prevent prisoners from circumventing filing-fee requirements and three-strikes rule under Prison Litigation Reform Act); *Medina Chiprez v. Becerra*, Case No. 20-cv-00307-YGR (PR), 2020 WL 4284825, at *1 (N.D. Cal. July 27, 2020) ("while multiple claims against a single party may be alleged in a single complaint, unrelated claims against different defendants must be alleged in separate complaints"); *Gonzalez v. Maldonado*, No. 1:11-cv-01774-SAB (PC), 2013 WL 4816038, at *2 (E.D. Cal. Sept. 9, 2013) (same). If the test for permissive joinder is not satisfied, the court "may at any time, on just terms, add or drop a party" and "may also sever any claim against a party." Fed. R. Civ. P. 21; *see also Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997) (noting that if joined plaintiffs fail to meet requirements of Rule 20(a), "the district court may sever the misjoined plaintiffs, as long as no substantial right will be prejudiced by the severance"); *Medina Chiprez*, 2020 WL 4284825, at *1 ("[t]he court, on its own initiative, may dismiss misjoined parties from an action, and any claim against a misjoined party may be severed and proceeded with separately").

Plaintiff's myriad claims against multiple defendants do not satisfy the requirements of Rule 20(a) for permissive joinder. Plaintiff asserts 25 different claims against 19 separate defendants. Many of these claims and defendants have no apparent relation to one another. For example, plaintiff alleges he was subjected to cruel and unusual punishment during separate incidents which occurred on March 26, 2018, and May 25, 2018, each involving different officers, and he alleges that he was denied due process in two separate, unrelated disciplinary proceedings conducted by two

different hearings officers which took place on April 3, 2018, and June 7, 2018.  Accordingly, if

plaintiff chooses to file an Amended Complaint to include all of these defendants whose claims are

entirely unrelated to each other, the claims will be severed into separate actions, each of which will

be subject to the filing fee requirements of 28 U.S.C. § 1915(a).[1]

## CONCLUSION

Based on the foregoing, the Court DISMISSES Plaintiff's Complaint.  Plaintiff may file an

Amended Complaint, curing the deficiencies noted above, within 30 days of the date of this order.

In any Amended Complaint, Plaintiff should identify the nature of each separate legal claim and

confine his allegations to only those operative facts supporting each of his claims.  Plaintiff is

advised that failure to file an Amended Complaint within the time provided will result in the

dismissal of this proceeding, with prejudice.

IT IS SO ORDERED.

DATED this  1st  day of October, 2020.

_____
Karin J. Immergut
United States District Judge

---

[1]Requiring Plaintiff to pay additional filing fees is a result of having misjoined claims and "is not a result of prejudice from the application of the permissive joinder rules." *Funtanilla v. Tristan*, Case No. 1:02-CV-06001-OWW-GSA (PC), 2010 WL 1267133, at *6 (E.D. Cal. Mar. 30, 2010).

5 - ORDER TO DISMISS